IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | |
| **PAMELA A. BURFORD,** | Case: 09-34274-KRH |
| Debtor. | Chapter 13 |
| | |
| **PAMELA A. BURFORD,** | |
| Plaintiff, | |
| v. | APN: 09-03170-KRH |
| **AEGIS FUNDING CORPORATION,** | |
| Defendant. | |

## ORDER GRANTING MOTION TO VACATE ORDER

NOW COMES Wachovia/Wells Fargo, assignee to Aegis Funding Corporation ("Wells Fargo"), by counsel, which filed a motion ("Motion") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division ("Bankruptcy Court"), seeking an order to vacate a previous order of the Bankruptcy Court granting summary judgment in favor of the Debtor and Plaintiff Pamela A. Burford ("Debtor") against Wells Fargo in this Adversary Proceeding. Based upon the pleadings and upon a consideration of the arguments made by counsel for Wells Fargo, the Debtor, and Preferred Title & Settlement Services, Inc. ("Preferred Title"), the Court finds that:

A. On July 6, 2009, the Debtor filed her chapter 13 bankruptcy petition ("Petition"), thus initiating bankruptcy case # 09-34274-KRH ("Bankruptcy Case");

B. On August 31, 2009, the Debtor initiated this Adversary Proceeding by filing a Complaint seeking to avoid a purchase money deed of trust ("Deed of Trust") in favor of Wells Fargo made by the Debtor and Charles Burford to secure the

Jeffrey L. Marks, Esquire (VSB No. 40202)
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451
(757) 491-4000 – Telephone
(757) 491-4020 – Facsimile
*Counsel for Wachovia/Wells Fargo, assignee to Aegis Funding Corporation*

repayment of the purchase of certain real property and improvements with an address of 5201 S. Jessup Road, Chesterfield County, Virginia 23832 ("Property");

C. The Debtor did not name the trustee under the Deed of Trust, Stacy S. Temple, Trustee ("Deed of Trust Trustee") as a party to this Adversary Proceeding, nor was the Deed of Trust Trustee served with the underlying Complaint;

D. The Debtor did not serve Wells Fargo with the Adversary Proceeding summons or Complaint.

E. Aegis Funding Corporation filed for bankruptcy protection in 2007, and the automatic stay had not been lifted as to this Adversary Proceeding;

F. The Order that granted summary judgment in favor of the Debtor against Wells Fargo was entered on November 17, 2009;

G. The Court must look to state law to ascertain and adjudicate rights affecting property within that state and, as the Property is within the Commonwealth of Virginia, the law of Virginia applies;

H. Under Virginia law, necessary parties to this Adversary Proceeding include all persons, natural or artificial, however numerous, materially interested, either legally or beneficially;

I. The Deed of Trust Trustee has a legal, equitable, and/or beneficial interest in the Property;

J. The Deed of Trust Trustee is a necessary and indispensable party to this Adversary Proceeding;

K. Wells Fargo, as beneficiary to the Deed of Trust, was not named or served with the Adversary Proceeding and corresponding summons and complaint; and

L. Wells Fargo timely and properly moved to vacate the Order pursuant to Rule 60(b)(1).

THEREFORE, upon consideration of these Findings and also for the reasons as stated in the Record, the Court HOLDS and it is it is ADJUDGED, ORDERED and DECREED that:

1. The Motion is GRANTED pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure as made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure;

2. The Order granting Summary Judgment in favor of the Debtor and against Wells Fargo that was entered by the Court on November 17, 2009 is VOID;

3. With respect to the Amended Complaint, the Debtor is required to name as a party to the Adversary Proceeding and serve the Deed of Trust Trustee and any other beneficiary to the Deed of Trust or party with an interest in the Property; and

4. The undersigned counsel for Wells Fargo has agreed to accept service of the Amended Complaint on behalf of Wells Fargo and the Deed of Trust Trustee.

ENTERED this _____ day of July, 2010.

_____
The Honorable Kevin R. Huennekens

**I ASK FOR THIS:**

 */s/ Jeffrey L. Marks, Esq.*
Jeffrey L. Marks, Esq. (VSB No. 40202)
Kaufman & Canoles
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
jlmarks@kaufcan.com
(757) 491-4000 – Telephone
(757) 491-4020 – Facsimile
*Counsel for Wachovia/Wells Fargo, assignee to Aegis Funding Corporation*

**SEEN AND OBJECTED TO:**

/s/     *Pia J. North*
Pia J. North, Esquire
North & Associates, P.C.
8014 Midlothian Tpke, Suite 202
Richmond, VA 23235
northlaw@earthlink.net
*Counsel for the Debtor*

## **CERTIFICATE**

Pursuant to L.R. 9022-1(c) and (2) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, I certify that this Order has been endorsed by all necessary parties and/or served by first-class postage prepaid mail this 21st day of July, 2010.

By:     */s/ Jeffrey L. Marks*